IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


THE ESTATE OF LINDA FAY FRAIRE,
deceased and TERESA ANDERSON,
as next friend and on behalf of
THE ESTATE OF LINDA FAY FRAIRE,
deceased,

        Plaintiffs,

v.                                      Civil Action No. 5:18CV177
                                                            (STAMP)
TRANSAM TRUCKING, INC.,
a Kansas corporation and
JOHN DOE and/or JANE DOE,
driver,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
                **DENYING PLAINTIFF'S MOTION TO REMAND**

    This civil action arises out of an accident that occurred in the parking lot of the TA Wheeling Travel Center in Wheeling, Ohio County, West Virginia, when a tractor trailer owned by defendant struck plaintiff's vehicle. ECF No. 1-1 at 4. Plaintiff, The Estate of Linda Fay Fraire, deceased, and Teresa Anderson, as next friend and on behalf of The Estate of Linda Fay Fraire (hereinafter "plaintiff"), originally filed a complaint in the Circuit Court of Ohio County, West Virginia against defendant TransAm Trucking, Inc., ("TransAm") and a John Doe/Jane Doe driver.

    Defendant TransAm removed this action to this Court on October 23, 2018 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. The plaintiff then filed a motion to remand, which is ripe for

decision. ECF No. 6. For the following reasons, the plaintiff's motion to remand is denied.

I. Background

In the notice of removal, the defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs based on lost wages and other damages in the form of medical bills. Further, defendant asserts that the notice of removal is timely because it is filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1) and within 30 days of receiving an "other paper" for purposes of determining whether the amount in controversy has been met and whether a case has become removable pursuant to 28 U.S.C. § 1446(c). ECF No. 1 at 2.

After removal to this Court, the plaintiff filed a motion to remand arguing that the defendant's notice of removal is untimely and void of any actual calculations supporting the amount in controversy allegation. ECF No. 6. Plaintiff contends that defendant has had notice of this case by having had service of the complaint through the West Virginia Secretary of State's office on April 19, 2018. Id. at 1. Plaintiff states that on October 23, 2018, the defendant untimely and improvidently removed this matter to federal court on the basis of a single speculatory document and, on the basis of this sole document, untimely asserted diversity

jurisdiction. Id. Plaintiff also contends that defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, and has failed to establish federal jurisdiction. ECF No. 7 at 11. Plaintiff contends that the removal fails for two primary reasons: first, because the removal occurred six months after the defendant received notice of this case, and second, because the "other paper" that defendant relies upon to support jurisdiction comes nowhere near satisfying defendant's burden to establish jurisdiction. Plaintiff asserts that both the delay and the lack of factual basis in satisfying the amount in controversy requirement of $75,000.00, exclusive of interests and costs, support that this case should be remanded to state court where it was litigated for six months. Id. at 2.

Defendant TransAm filed a response in opposition to the plaintiff's motion to remand. ECF No. 9. In response, defendant states that instead of removing this matter prematurely, defendant waited until the amount in controversy presented was shown to exceed $75,000.00, exclusive of interests and costs, and then filed the removal documents within 30 days. Id. at 2-3. Defendant contends that based on plaintiff's answers and responses to certain discovery requests detailed in the notice of removal, the plaintiff provided a total of $56,037.32 in medical bills, which she claims were incurred as a result of the incident. Id. at 3. After efforts to obtain more complete discovery, plaintiff provided a

facsimile to defendant to address the deficiencies in her original responses titled "Historical Income Loss for Linda Fraire," which detailed $67,727.22 in alleged lost wages. Id. Adding only the medical bills and this loss income calculation, defendant argues that plaintiff has now identified a total of $126,764.54 in potential calculable economic damages, with non-specified pain and suffering claimed on top of these amounts. Id. Defendant contends that once the lost income document was received, it was clear, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.00, exclusive of interests and costs. Id.

No reply was filed.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech.

Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted).

III. Discussion

There is no dispute that complete diversity exists. The only issues are whether the defendant's notice of removal was timely and whether the amount in controversy requirement is satisfied.

First, plaintiff argues that the defendant's notice of removal is untimely because removal occurred six months after the defendant received notice of this case. However, defendant argues that based on plaintiff's answers and responses to certain discovery requests detailed in the notice of removal, plaintiff provided a total of $56,037.32 in medical bills, which she claims were incurred as a result of the incident. Defendant asserts that the plaintiff's facsimile of a document on October 5, 2018, titled "Historical Income Loss for Linda Fraire," which detailed $67,727.22 in alleged lost wages, was defendant's first notice that the amount in controversy exceeded $75,000.00. Thus, defendant contends that the notice of removal, filed within 30 days of this document, was timely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

6

> days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The only exception to § 1446(b)(3) is that a case may not be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332 "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

The United States Court of Appeals for the Fourth Circuit has adopted the following test for determining when a defendant could first ascertain that a case is removable:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

<u>Lovern v. General Motors Corp.</u>, 121 F.3d 160, 162 (4th Cir. 1997).

Based on the record before this Court, the plaintiff's motion to remand must be denied. The plaintiff fails to demonstrate that the defendant's notice of removal was untimely. This Court finds that the amount in controversy was not readily ascertainable before the plaintiff provided the facsimile containing the lost income figures. Here, the amount in controversy was not apparent from the

four corners of the complaint. Further, the amount in controversy requirement was not satisfied when defendant learned that plaintiff Fraire's medical bills at issue totaled $56,037.62. This Court agrees with defendant that the amount in controversy did not become apparent until the document titled "Historical Income Loss for Linda Fraire," which detailed $67,727.22 in alleged lost wages, was provided to the defendant by the plaintiff on October 5, 2018. Thus, this Court agrees with defendant that the reasons for the timing and the justifications for the procedure followed in removing this action were clearly illustrated in defendant's notice of removal. Ultimately, this matter was timely removed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1) and within 30 days of receiving an "other paper" for purposes of determining whether the amount in controversy has been met and whether the case has become removable pursuant to 28 U.S.C. § 1446(c).

Second, as to whether the amount in controversy requirement is satisfied, this Court finds that adding only the medical bills and the lost income calculation, as defendant contends, equals a total of $126,764.54 in potential calculable economic damages, with non-specified pain and suffering claimed on top of these amounts. As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the

time of removal. See Lowrey, 483 F.3d at 1213–15. Before the plaintiff's medical bills and lost income document, the amount of recoverable damages was unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583. Because the defendant would have only been able to speculate as to what the amount of damages might have been based on the complaint alone, and because the medical bills alone did not satisfy the amount in controversy requirement, removal would have been improper before the document titled "Historical Income Loss for Linda Fraire," which detailed $67,727.22 in alleged lost wages, was provided.

Lastly, to the extent that plaintiff argues that the amounts in the loss income sheet were not actually to plaintiff, and that the document titled "Historical Income Loss for Linda Fraire" is "speculative" because Fraire received $4,468.62 in disability benefits during the time of her recovery, this Court finds that plaintiff's lost income damages is clearly an amount in controversy, in addition to the plaintiff's $56,037.32 in medical bills, for purposes of determining whether diversity jurisdiction exists.

Upon review, this Court finds that the defendant's notice of removal was timely and proper and the amount in controversy requirement is satisfied.

IV. Conclusion

For the above reasons, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the plaintiff's motion to remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 15, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE